UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD EUGENE DOMINY, et al., | |
| Plaintiffs, | Case No. 3:20-cv-00510 |
| v. | Judge Aleta A. Trauger |
| ALEJANDRO MAYORKAS, Secretary of United States Department of Homeland Security, et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

Pro se plaintiffs Gerald Eugene Dominy, Minerva Dumapias Escario Dominy, and Donabelle Escario Baluya brought this action against six defendants in their official capacities: U.S. Department of Homeland Security Secretary Alejandro Mayorkas, U.S. Citizenship and Immigration Services (USCIS) Director L. Francis Cissna, USCIS District Director Denise Frazier, USCIS Nashville Field Office Director Daniel W. Andrade, U.S. Customs and Border Patrol Dallas Port Director Timothy M. Lemaux, and Federal Bureau of Investigation Director Christopher Wray (collectively, the defendants). (Doc. No. 1.) The defendants have filed a motion to dismiss this action under Federal Rule of Civil Procedure 4(m) for the plaintiffs' failure to perfect service (Doc No. 46), to which the plaintiffs have responded in opposition (Doc. No. 50). For the reasons that follow, the Court will extend the deadline to perfect service of process until January 17, 2022, and terminate the motion to dismiss without prejudice to refiling if service is not accomplished by this extended deadline.

I.      **Factual and Procedural Background**

This lawsuit was filed by Donabelle Escario Baluya, her mother Minerva Dumapias Escario Dominy, and her stepfather Gerald Eugene Dominy (collectively, the plaintiffs) on June 17, 2020. (Doc. No. 1.) The plaintiffs originally sought injunctive relief and a writ of mandamus to compel the defendants to adjudicate Baluya's Form I-485 application for lawful permanent resident immigration status. (*Id.*) In an amended complaint filed on June 29, 2021, the plaintiffs state that Baluya's green card was mailed to her on September 3, 2020. (Doc. No. 44.) The plaintiffs now allege unreasonable delay by the defendants in processing Baluya's application and returning certain documents to her and seek their costs, attorney's fees, and "such other relief as the Court may deem just and proper for such behavior by a Federal Agency." (*Id.*)

In an order referring the case to the Magistrate Judge for case management, the Court notified the plaintiffs that they were "responsible for effecting service of process on all defendants in accordance with [ ]Rule 4 of the Federal Rules of Civil Procedure" and directed them to forms and information regarding service of process available on the Court's website. (Doc. No. 6, PageID# 20.) In response, the plaintiffs filed a document labeled "Proof of Service" that included tracking numbers, address labels, receipts, and two executed green cards associated with packages mailed to the defendants. (Doc. No. 10.) The plaintiffs did not include a statement of what information the mailed packages contained.

In response to their request for a status update, the Court notified the plaintiffs on October 28, 2020, that they had not effected proper service on the defendants because they had not requested summonses from the Clerk of Court. (Doc. No. 13.) The Court set out the requirement of Federal Rule of Civil Procedure 4 that "plaintiffs are responsible for serving a summons and a copy of the complaint on each defendant within ninety days after filing the complaint" and that each summons must be signed by the Clerk and bear the Court's seal. (*Id.*) The Court also again

directed the plaintiffs to the Court's website for "[i]nstructions and forms for requesting summonses from the Clerk of Court." (*Id.*) The Court ordered the plaintiffs to request summonses for each named defendant by November 9, 2020, and extended the deadline for service of process to November 30, 2020. (*Id.*) The Court warned the plaintiffs that "failure to request summonses and effect service of process in compliance with Rule 4 by these deadlines will likely result in a recommendation that their claims against any unserved defendants be dismissed without prejudice." (*Id.* at PageID# 53.)

On November 6, 2020, the plaintiffs filed a notice stating that they "respectfully request to File for Summons in a Civil Action" to be served on the defendants. (Doc. No. 14.) The filing included the name and title of each defendant but did not include addresses where the defendants could be served. (*Id.*) In an order filed on November 13, 2020, the Court found that the plaintiffs had not used the summons forms available from the Court to request summonses, instructed them that doing so was necessary for the Clerk to issue the summonses, and ordered the plaintiffs to complete and return summons forms for each defendant by November 20, 2020. (*Id.*) The Court further ordered the Clerk's Office to provide six copies of the Court's summons form to the plaintiffs with a copy of its order. (*Id.*) The plaintiffs returned the completed forms, and summonses were issued for all defendants on November 24, 2020. (Doc. No. 16.) The plaintiffs filed service returns for all six defendants on December 22, 2020. (Doc. Nos. 17–22.) No defendant appeared in the action.

On March 2, 2021, the Court found that, "[w]hile the plaintiffs have returned summonses for each individual defendant, there is no indication that they have served the U.S. Attorney for the Middle District of Tennessee or the U.S. Attorney General in the manner required by Rule 4(i)(1). They therefore have not accomplished service in this action as required by Rule 4." (Doc.

No. 23.) The Court explained that "[s]ervice of the United States and its officers is governed by Federal Rule of Civil Procedure 4(i)." (*Id.*) The Court then quoted the relevant portion of Rule 4(i), which instructs that a plaintiff who brings suit against a United States officer in that officer's official capacity must (1) serve the United States by "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." and (2) send a copy of the summons and complaint to the officer being sued. (*Id.* (quoting Fed. R. Civ. P. 4(i)(1)–(2)).) The Court found that, "[b]ecause the plaintiffs appear pro se, and because it appears that they are attempting to comply with the Court's rules regarding service," it would again extend the service period to March 23, 2021. (*Id.*) Again, the Court warned the plaintiffs that failure to serve the defendants as directed by Rule 4(i) could result in a recommendation that the case be dismissed. (*Id.*)

On April 1, 2021, the plaintiffs filed a motion for entry of default against each defendant. (Doc. Nos. 24–29.) On April 13, 2021, they filed a letter stating that they had not received the Court's March 2, 2021 order and would "comply with sending copies of the documents to the U.S. Attorney for the Middle District of Tennessee AS SOON AS POSSIBLE." (Doc. No. 30.) The plaintiffs correctly identified the then-Acting United States Attorney for the Middle District of Tennessee, Mary Jane Stewart. (*Id.*) Two days later, the defendants responded in opposition to the motions for entry of default (Doc. No. 32), including as an attachment the declaration of Joseph E. Gerstell, U.S. Department of Justice Contracting Officer Representative for the Mail Referral Unit. Gerstell's declaration stated that he had reviewed the mail received at the Justice Department and had found no record showing that the United States Attorney General had been served in this matter (Doc. No. 34).

On April 19, 2021, the plaintiffs filed a letter confirming that they had sent a summons and complaint to then-Acting U.S. Attorney Mary Jane Stewart. (Doc. No. 36.) The defendants responded by filing a "Notice of Inadequate Service" stating that the plaintiffs "have not complied with [Rule 4(i)], that is, they have not served the United States Attorney General" and attaching an updated declaration from Gerstell again confirming that he could find no record at the Justice Department that the U.S. Attorney General had been served by the plaintiffs. (Doc. Nos. 40, 41.) The Court directed the defendants that, if they "wish to assert these arguments for the Court's decision, they must do so in a motion." (Doc. No. 43.) The defendants then filed a motion to dismiss for failure to perfect service (Doc. No. 46).

The defendants argue that dismissal is required because, "[w]hile Plaintiffs have served a summons and complaint on the United States Attorney's Office [for the Middle District of Tennessee], and the agencies, they have not perfected service on the United States Attorney General as required by Fed. R. Civ. P. 4(i)." (Doc. No. 47, PageID# 160.) The plaintiffs respond that they "admit [their] error in submission of service to the 'Appropriate' Attorney General whomever that is now" and state that they "thought this was addressed with the submission to [t]he Attorney for the Middle District of Tennessee Ms. Mary Jane Stewart [who] was notified first[,]" and "[l]ater Ms. Mercedes C. Maynor-Faulcon," the Assistant United States Attorney who has appeared in this action as the defendants' attorney of record. (Doc. No. 50, PageID# 167.) The plaintiffs further state:

> If the Defendants expect service to their Counsel, why have they waited so long to notify us of their counsel? . . . [N]o one is listed [on the defendants' agencies' public websites] as to whom to submit documents against the agency as Defendants in a case. This is the sole basis of their request for dismissal. . . . If Defendants want[] service to their Counsel other than to Ms. Mercedes C. Maynor-Faulcon, Atty. of Record[,] [p]lease notify us of whom your counsel is first, and address to send documents to second and we would be glad to oblige your requests.

5

(*Id.*)

## II.     Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(i) addresses service of the United States and United States agencies, corporations, and officers or employees sued in an official capacity. Rule 4(i)(1) instructs that,

> **(1) *United States***. To serve the United States, a party must:
>   **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>     **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>   **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

Fed. R. Civ. P. 4(i)(1).

Rule 4(i)(2) provides that, "[t]o serve . . . a United States officer or employee sued only in an official capacity, a party must serve the United States and send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 &n.3 (6th Cir. 1996).

**III.     Analysis**

As the Court has explained in its prior orders, Federal Rule of Civil Procedure 4(i) requires a plaintiff bringing suit against an officer of the United States in her official capacity to deliver by registered of certified mail a summons and complaint to three different entities: "[t]he United States attorney for the district where the action is brought," Fed. R. Civ. P. 4(i)(1)(A)(i); "the Attorney General of the United States at Washington, D.C.," Fed. R. Civ. P. 4(i)(B); and "the

officer" being sued, Fed. R. Civ. P. 4(i)(2). The plaintiffs have accomplished two of the three required steps by serving the United States Attorney for the Middle District of Tennessee and delivering summonses and complaints to the individual defendant officers. The missing piece is service of the Attorney General of the United States, who is now Merrick Garland.[1]

The plaintiffs have been alerted to their failure to serve the Attorney General of the United States several times by the Court and by the defendants.[2] However, the plaintiffs' response in opposition to the United States' motion to dismiss gives ample reason to believe that their failure to do so is the result of a misunderstanding of the positions held by the many different "United States attorneys" involved in this case.[3] The risk of such confusion was anticipated in the drafting

---

[1] *See* U.S. Dep't. of Justice, Office of the Attorney General, Meet the Attorney General, https://justice.gov/ag (last visited December 29, 2021).

[2] The Court notified the plaintiffs of a deficiency in service under Rule 4(i) in its March 2, 2021order. (Doc. No. 23 ("While the plaintiffs have returned summonses for each individual defendant, there is no indication that they have served the U.S. Attorney for the Middle District of Tennessee or the U.S. Attorney General in the manner required by Rule 4(i)(1).").) The declaration of Joseph Gerstell filed on April 15, 2021, with the defendants' response in opposition to the plaintiffs' motions for entry of default stated that he had "found no record that the AG had been served" in this case. (Doc. No. 34.) On June 17, 2021, the defendants again notified the plaintiffs that they "ha[d] not complied with [Rule 4(i)], that is, they have not served the United States Attorney General." (Doc. No. 40.)

[3] The plaintiffs state:

> In my (GED) understanding if you are named as a defendant, you either get a lawyer, or if you cannot afford one, do it yourself, which is our present case. That is what you do. You arrange to notify the Plaintiffs of your lawyer[']s contact info. As is proper. The published contact info for the respective agencies named as Defendants does not distinguish a separate mailing address for Attorneys of Record nor of whom that attorney of record is. If the Defendants expect service to their Counsel, why have they waited so long to notify us of their counsel?
>
> . . .
>
> Defendants, Just where is the address and name of your counsel listed on your public website, It seems they all have their internal legal team to support their Actions. HOWEVER, no one is listed as to whom to submit documents against the

8

Case 3:20-cv-00510   Document 51   Filed 12/30/21   Page 8 of 10 PageID #: 184

of Rule 4(i). "Making proper service on the government is no easy exercise, and in recognition of the procedural complexities involved, Rule 4(i) contains a provision permitting a plaintiff to cure certain defects in doing so, so long as proper service has been made on the United States Attorney or the Attorney General." *Gargano v. I.R.S.*, 207 F.R.D. 22, 23 (D. Mass. 2002). That provision requires the Court to "allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4)(A); *see, e.g.*, *Thomas v. United States*, No. 1:09CV1779, 2010 WL 4026125, at *8 (N.D. Ohio Oct. 13, 2010) (applying Rule 4(i)(4)(A) to allow plaintiff who timely served United States attorney additional time to serve Attorney General and agency).

More than nine months have passed since the plaintiffs were first notified of their failure to serve the Attorney General—arguably a very reasonable amount of time to cure that deficiency. Again, however, the plaintiffs' filings show that they have attempted to comply with the Court's orders and that the reason for their failure to do so is confusion as to the roles of the Acting U.S. Attorney for the Middle District of Tennessee (then Mary Jane Stewart, now Mark Wildasin[4]), the Assistant U.S. Attorney appearing for the defendants in this case (Mercedes Maynor-Faulcon), and

---

agency as Defendants in a case . . . Name and address of counsel absent from their published public contact information.

If Defendants want, service to their Counsel other than to Ms. Mercedes C. Maynor-Faulcon, Atty. Of Record. Please notify us of whom your counsel is first, and address to send documents to second and we would be glad to oblige your requests.

(Doc. No. 50.)

[4]  *See* The United States Attorney's Office, Middle District of Tennessee, Meet the U.S. Attorney, Acting United States Attorney Mark H. Wildasin, https://justice.gov/usao-mdtn/meet-us-attorney (last visited December 29, 2021).

the Attorney General of the United States (Merrick Garland). Considering Rule 4(i)'s express provision to address such confusion and the plaintiffs' good faith attempts to comply, the Court will allow one final extension of the service period to allow the plaintiffs to serve the Attorney General at Washington D.C.

## IV. Conclusion

For these reasons, the service period is extended under Rule 4(i)(4)(A) and Rule 4(m) to allow the plaintiffs to serve the Attorney General of the United States at Washington D.C. The plaintiffs shall do so by January 13, 2022.

The defendants' motion to dismiss (Doc. No. 46) is terminated without prejudice to renewal if the plaintiffs do not serve the Attorney General by that date.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge