UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD EUGENE DOMINY et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS et al.,<br><br>    Defendants. | Case No. 3:20-cv-00510<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

This action arises out of pro se Plaintiff Donabelle Escario Baluya's Form I-485 application to register permanent residence or adjust immigration status. (Doc. No. 44.) Baluya and her parents, pro se Plaintiffs Gerald Eugene Dominy and Minerva Dumapias Escario Dominy, allege that Defendants U.S. Department of Homeland Security Secretary Alejandro Mayorkas, U.S. Citizenship and Immigration Services (USCIS) Director L. Francis Cissna, USCIS District Eight Director Denise Frazier, USCIS Nashville Field Office Director Daniel W. Andrade, U.S. Customs and Border Protection Dallas/Fort Worth Port Director Timothy M. Lemaux, and Federal Bureau of Investigation Director Christopher Wray, acting in their official capacities, violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, and the plaintiffs' due process and equal protection rights in their processing of Baluya's I-485 application. (*Id.*) The defendants have filed a motion to dismiss the plaintiffs' amended complaint for failure to state any claims on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 56.) The plaintiffs have responded in opposition to the defendants' motion. (Doc. No. 62.) For the reasons that follow,

the Magistrate Judge will recommend that the Court find—to the extent the amended complaint can be construed to assert *Bivens* claims and claims for money damages under the APA against the defendants in their official capacities—that the defendants are entitled to sovereign immunity and dismiss those claims for lack of jurisdiction. The Magistrate Judge will further recommend that the Court grant the defendants' motion to dismiss the plaintiffs' remaining claims under Rule 12(b)(6).

I. **Factual and Procedural Background**[1]

The plaintiffs attended an interview regarding Baluya's I-485 application at the Nashville USCIS Field Office on January 15, 2019, when Baluya was twenty years old. (Doc. No. 44.) The interviewing officer stated that the application "papers appeared in order," that Baluya "would have either a green card in two more weeks or a request for further evidence," and that her "file was missing" "[i]mmunization records." (*Id.* at PageID# 150, ¶¶ 27–29.) The plaintiffs provided Baluya's immunization records to the interviewing officer on the condition that USCIS return a copy to them. (Doc. No. 44.) After the interview, the plaintiffs repeatedly asked for a copy of Baluya's immunization records but did not receive one. (*Id.*) Contrary to the interviewing officer's representation, Baluya did not receive a green card or a request for further evidence within two weeks of the interview. (*Id.*) On April 19, 2019, the plaintiffs filed a request to expedite Baluya's I-485 application, but the request was denied. (*Id.*) They also "submitted" "[a] second case . . . for financial hardship" that was also denied. (*Id.* at PageID# 151, ¶ 33.)

The plaintiffs initiated this action on June 17, 2020, alleging that they still had not received Baluya's green card or a copy of her immunization records. (Doc. No. 1.) After they filed this case,

---

[1] The facts in this section are drawn from the plaintiffs' amended complaint (Doc. No. 44) and are taken as true for purposes of resolving the defendants' motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

the plaintiffs "were told to fill out a G-588 form . . . to get a copy [of the immunization records] returned to [them]." (Doc. No. 44, PageID# 151, ¶ 31.) The plaintiffs did so and received a copy of the immunization records. (Doc. No. 44.) Baluya's green card was mailed to the plaintiffs on September 3, 2020. (*Id.*)

The plaintiffs' "amended complaint for injunctive and mandamus relief" (*id.* at PageID# 147) alleges that the defendants' "failure to adjudicate and approve" Baluya's Form I-485 application "in a timely manner" and "failure to return copies of [her] immunization records" violated the APA and the plaintiffs' constitutional rights to due process and equal protection of the laws (*id.* at PageID# 149–50, ¶¶ 22, 23). The plaintiffs claim damages including lost time and income, expenses, and emotional distress. (Doc. No. 44.) They ask the Court to "[a]ward reasonable filing costs, expenses and attorneys' fees" and "[g]rant such other relief as the Court may deem just and proper . . . ." (*Id.* at PageID# 153–54, ¶¶ 49–50.)

The defendants have moved to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[2] (Doc. No. 56.) The defendants argue that the plaintiffs' claims are moot because they have now received Baluya's green card and immunization records and are not entitled to costs, attorney's fees, or any other relief. (Doc. No. 57.) The plaintiffs oppose the defendants' motion to dismiss, arguing that "[n]o one should have free license to lie at a whim while collecting fees and charges for services not rendered timely or rendered poorly," and ask the Court to hold USCIS accountable for its actions and the delay in

---

[2]  The defendants previously moved to dismiss the plaintiffs' amended complaint under Rule 4(m) for failure to effect service of process. (Doc. No. 46.) The Court extended the plaintiffs' deadline to effect service of process and terminated the defendants' motion to dismiss without prejudice to refiling if the plaintiffs failed to effect service by the extended deadline. (Doc. No. 51.) The defendants' second motion to dismiss concedes that "[s]ervice has been resolved." (Doc. No. 57, PageID# 201.)

processing Baluya's I-485 application and returning her immunization records. (Doc. No. 62, PageID# 224.) The plaintiffs further argue that the defendants are liable under the APA and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and may also be liable for breach of contract and violation of several federal criminal statutes, including statutes related to fraud and perjury. (Doc. No. 62.) The plaintiffs state that "the last two items still remaining to be resolved" in the amended complaint are their requests that the Court "[a]ward reasonable costs, expenses and attorneys' fees" and "[g]rant such other relief as the Court may deem just and proper . . . ." (*Id.*) The defendants did not file an optional reply.

II. **Legal Standards**

   A. **Sovereign Immunity and Subject-Matter Jurisdiction**

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Whether the Court has subject-matter jurisdiction is a "threshold" question in any action, *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), and one that courts may raise sua sponte, *Superior Bank, FSB v. Boyd* (*In re Lewis*), 398 F.3d 735, 739 (6th Cir. 2005). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016) (quoting *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997)). The Supreme Court has explained that "[a] waiver of the Federal

4

Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (first citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992); and then citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990)). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

**B.     Rule 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked

5

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because the plaintiffs appear pro se, the Court construes their filings "'liberally'" and holds their amended complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.   Analysis**

    **A.   The Plaintiffs' Claims for Money Damages Under the APA and *Bivens***

The defendants have not raised the issue of sovereign immunity, but it is well established that "a government official or attorney cannot waive the sovereign immunity of the federal government," "[a]nd courts have an obligation to address the issue sua sponte." *Gaetano v. United States*, 994 F.3d 501, 508 (6th Cir. 2021). Liberally construed, the amended complaint asserts claims under the APA for unreasonable delay or failure to act and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of the plaintiffs' constitutional rights to due process and equal protection. (Doc. No. 44.) The Court should determine whether Congress has waived sovereign immunity with respect to these claims before considering the defendants' arguments that the plaintiffs' claims fail on the merits.

The APA empowers courts to "compel agency action unlawfully withheld or unreasonably delayed[,]" among other powers of review. 5 U.S.C. § 706(1). In enacting the APA, Congress included a limited waiver of sovereign immunity:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

*Id.* § 702. The Sixth Circuit has therefore held that the APA waives sovereign immunity for claims for equitable relief against federal officials, but the waiver does not apply to actions seeking money damages. *Haines*, 814 F.3d at 425.

In *Bivens*, 403 U.S. at 397, the Supreme Court held that an individual injured by a federal agent's alleged violation of the Fourth Amendment could bring an action for damages against the agent in his individual capacity. The Supreme Court has since clarified, however, that individuals may not bring *Bivens* actions for damages against federal agencies or federal agents acting in their official capacities. *Meyer*, 510 U.S. at 484–85; *see also Leis v. ATF*, No. 3:21-cv-00304, 2021 WL 1907830, at *6 (M.D. Tenn. May 11, 2021) ("'[U]nder *Bivens*, claims of personal liability against federal officials for violations of constitutional rights of others is permitted, but claims against federal government officials in their official capacities are not.'" (alteration in original) (quoting *Beasley v. Poole*, No. 1:11-cv-63, 2011 WL 2689347, at *6 (E.D. Tenn. July 11, 2011))). "'This is so because . . . the doctrine of sovereign immunity protects the United States government and its officers and employees acting in official capacities from *Bivens* claims.'" *Leis*, 2021 WL 1907830, at *6.

The amended complaint specifies that each defendant is sued in his or her "official capacity only." (Doc. No. 44, PageID# 149, ¶¶ 16–21.) The plaintiffs' *Bivens* claims are therefore barred by sovereign immunity and should be dismissed for lack of jurisdiction. To the extent that the amended complaint can be construed to seek money damages under the APA—including damages compensating the plaintiffs for their lost income, emotional distress, and non-litigation expenses—

the Court should find that the United States has not consented to suit with respect to those claims and that the claims should therefore be dismissed for lack of jurisdiction on sovereign immunity grounds.

> B. **The Plaintiffs' Claims for Equitable Relief Under the APA and Requests for Litigation Costs and Attorney's Fees**

Because Congress has waived sovereign immunity with respect to claims for equitable relief under the APA, *Haines*, 814 F.3d at 425, the Court may consider the defendants' motion to dismiss any claims for equitable relief under the APA in the amended complaint. The Court may also consider the defendants' arguments in favor of dismissing the plaintiffs' requests for costs and attorney's fees.

The plaintiffs concede that the defendants have now granted Baluya's I-485 application, sent her a green card, and returned her immunization records. (Doc. No. 44.) Accordingly, to the extent the amended complaint seeks an order under the APA compelling the defendants to process Baluya's I-485 application and return her immunization records, those claims are moot and should be dismissed.

The plaintiffs argue in response to the defendants' motion to dismiss that the defendants may also be liable for fraud, perjury, and breach of contract. (Doc. No. 62.) Because none of these claims appears in the plaintiffs' amended complaint (Doc. No. 44), the Court may not consider them.

The plaintiffs argue that the Court should consider their requests for litigation costs and attorney's fees. (Doc. No. 62.) Federal Rule of Civil Procedure 54(d)(1) provides that "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(2) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]"

8

Case 3:20-cv-00510    Document 63    Filed 06/09/22    Page 8 of 10 PageID #: 252

Fed. R. Civ. P. 54(d)(2)(B)(ii). The plaintiffs have not pointed to any legal authority supporting their requests for costs and attorney's fees in this action. The defendants, however, argue that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, provides for court awards of costs and attorney's fees against the United States under certain circumstances that are not present in this action. (Doc. No. 57.)

> With respect to costs, the EAJA provides that,
>
> > [e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
>
> 28 U.S.C. § 2412(a)(1). Similarly, with respect to attorney's fees, the EAJA provides that,
>
> > [u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

*Id.* § 2412(b). The EAJA does not define "prevailing party," but the Supreme Court has held "that a 'prevailing party'" in the context of federal fee-shifting statutes "is one who has been awarded some relief by the court . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). To qualify as a prevailing party under this standard, a plaintiff must secure a "material alteration of the legal relationship of the parties" such as an "enforceable judgment[ ] on the merits" or a "court-ordered consent decree[ ] . . . ." *Id.* at 604. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit," does not qualify a plaintiff as a prevailing party. *Id.* at 605.

The Court has not awarded the plaintiffs any relief in this action, and the plaintiffs concede that the defendants voluntarily granted Baluya's I-485 application and returned her immunization records. (Doc. No. 44.) The plaintiffs therefore do not qualify as "prevailing parties" and are not entitled to an award of costs or attorney's fees under the EAJA.

IV. **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE the plaintiffs' *Bivens* claims and any APA claims for money damages in the plaintiffs' amended complaint for lack of jurisdiction, GRANT the defendants' motion to dismiss (Doc. No. 56), and DISMISS WITH PREJUDICE the remaining claims in the plaintiffs' amended complaint.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 10th day of June, 2022.

ALISTAIR E. NEWBERN
United States Magistrate Judge